No. 13273

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA,

Appellant,

-vs-

PACIFIC POWER AND LIGHT COMPANY,

Respondent.

---

Appeal from: District Court of the First Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Robert A. Poore argued, Butte, Montana
R. Bruce McGinnis argued, Helena, Montana

For Respondent:

Murphy, Robinson, Heckathorn and Phillips,
Kalispell, Montana
Douglas D. Dasinger argued, Kalispell, Montana
Mark H. Peterman argued, Portland, Oregon

---

Submitted: October 21, 1976

Decided: DEC 29 1976

Filed: DEC 29 1976

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal involves the validity of the Montana Department of Revenue's method of assessment of taxes on the Montana property of an interstate electric utility. The state tax appeal board and the district court held the method of assessment invalid, reduced the assessment, and a 1974 tax reduction of approximately $100,000 resulted. We reverse.

By way of overview, the general method of assessment by the Department of Revenue (DOR) was the unitary method of assessment. DOR used a formula calculated to value the utility's operating property in Montana on the basis of its value as a part of the utility's total interstate electric generating and transmission system. The validity of/the method of assessment by use of this formula is the underlying issue on appeal.

Pursuant to statute, Pacific Power & Light Company (Utility) submitted its annual statement of earnings, stock, and debt information to DOR for use in assessing its Montana properties. DOR assessed the Utility based on information contained in the statement using the "unitary" method of assessment employed in valuing the property of interstate corporations and systems. A three-factor formula of stock and debt, cost of plant, and capitalization of income was employed. Each of the factors was used to ascertain a TOTAL system value. These were as follows:

| INDICATOR OF VALUE | TOTAL UTILITY SYSTEM VALUE |
|---|---|
| Stock and debt | $1,076,198, 551 |
| Plant at Cost | $1,347,395, 000 |
| Income (Capitalized at 8.25% over 2 years) | $ 857,201,842 |

Each of these indicators was weighted by a percentage reflecting DOR's evaluation of its relative importance in the overall structure of the Utility's electric system. Stock and debt was assigned a weight of 10%; plant at 50%; and income at 40%. These values, when totaled, resulted in a composite estimated total value for the Utility's entire interstate electric generating and transmission system of $1,124,198,092.

The next step in the assessment procedure involved allocation of a proper portion of this system value to the physical plant located in Montana. DOR calculated the ratio of the cost of the Montana plant to the total plant and obtained a percentage of 1.60%. The value of the two water plants of the Utility in Montana were excluded on the basis they were not a continuous part of the operation of the interstate electric system and accordingly were taxed at the county level. DOR also computed the ratio of Montana plant to total plant on a revenue producing basis and determined Montana produced 2.37% of total system revenue. These two ratios were averaged and resulted in a final ratio of 2% representing the portion of total system value of Montana operating properties. The weighted estimate of total system value was multiplied by this 2% figure to obtain the value of Montana property of $22,483,962. This value was equalized at 44%, the percentage figure used in equalization of computations of electrical utility property, for a total assessed value of $9,892,943.

The Utility objected to the foregoing assessment on the ground that it resulted in imposition by Montana of a property tax on generating facilities located outside the state. It argued this made its system unique and by reason thereof, DOR's method of assessment was illegal and inequitable. The Utility contended the historic cost of Montana's portion of the system must be utilized

in computing the cost of plant indicator. The Utility's assertion was that a figure of $23,118,600 was a proper figure for cost of plant to be "weighted" by 50% to give a total Montana plant value of $11,559,300. Totaling of the alternate plant cost with the other two figures (stock and debt; capitalized income) computed in the same manner as DOR, yields a total valuation of $19,127,710. This figure, "when equalized" at 44% gives a total assessed value of $8,416,192, asserted by the Utility to be the correct figure.

The Utility also objected to DOR's computation of the allocation factor used to determine the percentage of total system value in Montana. It claimed the only proper elements for comparison were in-state system cost compared to total system cost. The Utility claimed any attempt to compare revenue produced in Montana to total system revenue would result in taxation of out-of-state properties because all its generating facilities were located outside Montana.

A hearing before DOR was held at the Utility's request and resulted in a refusal to alter DOR's assessment. The Utility appealed DOR's decision to the state tax appeal board (STAB) and a majority of STAB determined the Utility's methodology and final assessment computations to be correct. The pertinent findings of fact of the majority were:

> "The Department of Revenue used a reasonable approach to allocate system stock and debt value to Montana.
>
> "The Department of Revenue had information available to show the actual historic cost of plant in Montana, but they substituted an allocated value of plant that resulted in a fictitious amount that was in excess of the actual cost of plant.
>
> "* * *

- 4 -

"The Department of Revenue plant cost values and the corrected values are as follows:

"The Department of Revenue computations:

| "System | Montana | Ratio |
|---|---|---|
| $1,335,568,826 | $21,310,719 | 1.60% |

"Whereas, the correct total of all properties should be:

| "System | Montana | Ratio |
|---|---|---|
| $1,372,463,365 | $23,118,600 | 1.68% |

"Difference:

| "System | Montana | Ratio |
|---|---|---|
| $36,894,539 | $1,807,881 | .08%" |

The STAB majority concluded:

"The unitary approach to value is a proper method to be utilized but in some instances must be modified to produce equitable results.

"* * *

"The Department of Revenue adopted a fundamentally wrong principle of assessment when, knowing the actual historic cost of the subject plant, they substituted an allocated value of plant that exceeded the actual cost; thereby violating the requirement to determine the actual cash value for taxation of that portion of the plant and property situated in Montana."

Based on these conclusions, STAB ordered DOR to utilize the 1.68% ratio and the "correct totals" set forth above.

STAB member Peterson dissented and submitted findings and conclusions in dissent, asserting the methodology employed by DOR to be correct. The pertinent part of the dissent was expressed in this language:

"Market value is based on the concept of what a willing and informed buyer would pay a willing and informed seller. It is inconceivable that income would not be considered in such a hypothetical transaction. Therefore, when income is not considered in calculating the ratio of the

subject utility company's property in Montana in relation to the value of the system in other states which the company operates, the effect is to export value out of Montana."

DOR appealed the STAB decision to the district court, Lewis and Clark County, which upheld the STAB decision. DOR appealed to this Court.

At issue here is a determination of the proper method of valuation of the Utility's Montana operating properties. Montana has utilized the 3-factor, unitary assessment approach for appraisal of interstate utility property for many years. The method has been approved by this Court in the past as a fair and appropriate way of determining the value of the Montana portion of an interstate entity for property taxation. Yellowstone Pipe Line Co. v. State Board of Equalization, 138 Mont. 603, 358 P.2d 55; Western Airlines, Inc. v. Michunovich, 149 Mont. 347, 350, 351, 428 P.2d 3.

In discussing the "unitary" or "going concern" approach in Western Airlines, Inc., we stated:

"* * * The 'unitary' method represents an attempt to realize a fair assessment value on property which is not habitually located in any given state, but which is used extensively in interstate commerce. The underlying philosophy of the 'unitary' method is that property so used forms a part of an organic system and may be assessed in terms of the economic contribution which each compenent makes to the entire system. This approach has been firmly established in a series of decisions of the Supreme Court of the United States. * * *

"A good statement of the purpose and operation of the 'unitary' method is found in Pullman Co. v. Richardson, 261 U.S. 330, 338, 43 S.Ct. 366, 368, 67 L ed 682.

"'And, if the property be part of a system and have an augmented value by reason of a connected operation of the whole, it may be taxed according to its value as part of the system, although the other parts be outside the state; in other words, the tax may be made to cover the enhanced value which comes to the property in the state through its organic relation to the system.'" (Emphasis added.)

- 6 -

The Utility urges this Court to hold the actual cost of the physical plant as an appropriate measure of "value" for assessment purposes and asserts the method utilized by DOR results in an artificial and contrived "value". Section 84-401, R.C.M. 1947, requires assessment of property at its "full cash value". Value does not equal cost. Western Union Telegraph Co. v. Taggart, 163 U.S. 1, 16 S.Ct. 1054, 41 L ed 49; Cleveland &c Railway Co. v. Backus, 154 U.S. 439, 445, 14 S.Ct. 1122, 38 L ed 1041. In Cleveland a decision involving state taxation of interstate railway property, the United States Supreme Court said:

> "* * * the value of property results from the use to which it is put and varies with the profitableness of that use, present and prospective, actual and anticipated. There is no pecuniary value outside of that which results from such use. The amount and profitable character of such use determines the value, and if the property is taxed at its actual cash value it is taxed upon something which is created by the uses to which it is put. * * *"

The electric system property of the Utility in Montana, although only 1.6% of the total utility system, provides 2.37% of the total annual revenue of the Utility. Any measure of the value of this property must include consideration of the use to which the property is put and the income contributed to the system. DOR, in an effort to assess this value, averaged the 1.6% figure, representing the Montana share of the physical plant within the total electrical system, with the 2.37% figure representing the income provided by Montana through effective, efficient use of the plant. This averaging yielded the 2% used as an appropriate percentage of total value of the Utility's property within Montana. This reflects a consideration of the worth or value of the Montana property as a part of an on-going, profitable enterprise, the value of the parts of which is greater when combined into

- 7 -

an integrated utility system. To accept the Utility's contention that actual cost is controlling (as did STAB and the district court) is to ignore totally the "value" flowing from the operation of the system. Again, in <u>Western Airlines, Inc.</u> the Court stated:

> "Thus the 'unitary' method determines not only the appropriate share of the entire enterprise which may be taxed by each state but also determines the 'enhanced value' attributable to the equipment used by virtue of its being a component part of the system. The 'unitary' method assumes that the value of the entire system, as a going concern, is somewhat greater than the total fair market value of its equipment."

See also: Yellowstone Pipe Line Co. v. State Board of Equal., supra.

We further hold that DOR correctly excluded the waterplant facilities that are taxed locally by the counites where they are located. These water plants are not properly a part of the operating interstate electrical system and as such do not affect the valuations of interstate properties dealt with in this opinion. The exclusion of these properties requires affirmation of the 1.60% figure used by DOR, rather than the 1.68% offered as an alternative by the Utility, in applying the unitary assessment method.

The judgment of the district court is reversed. The assessment of DOR is reinstated in conformity with this opinion.

_____
Justice

- 8 -

We Concur:

_____
Chief Justice

_____

_____
Justices.

_____
Hon. L. C. Gulbrandson, District
Judge, sitting for Justice Wesley
Castles.