THEODORE W. WETZEL ET AL., PLAINTIFFS AND RESPONDENTS, *v.* MONTANA DEPARTMENT OF REVENUE, DEFENDANT AND APPELLANT.

No. 13936.
Submitted Nov. 20, 1978.
Decided Jan. 17, 1979.
589 P.2d 162.

R. Bruce McGinnis (argued), Helena, for defendant and appellant.

Landoe, Gary & Planalp, Philips Carter (argued), Bozeman, for plaintiffs and respondents.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

On January 8, 1976, plaintiffs, a group of recreational vehicle

(RV) owners from Bozeman, Montana, filed a petition with the Montana Department of Revenue requesting that M.A.C. § 42-2.22 (2)—S22150 be amended. The petition was filed pursuant to section 82-4207, R.C.M.1947, which allows interested persons to petition an agency requesting the promulgation, amendment or repeal of a rule.

In 1976, the pertinent part of M.A.C. § 42-2.22(2)—S22150 stated:

". . . ASSESSMENT OF TRAILERS/CAMPERS

. . . . . .

"(2) The minimum assessed value of camping and travel trailers shall be the wholesale value (W/S) of such property as shown in the 'N.A.D.A. Recreational Vehicle Appraisal Guide,' January Edition of the year of assessment. National Automobile Dealers Association, P. O. Box 1407, Covina, California, 91722. This guide may be reviewed in the Department or purchased from the publisher.

"(3) The minimum assessed value of truck campers and motor homes shall be the wholesale value (W/S) of such property as shown in the 'N.A.D.A. Recreation Vehicle Guide,' January Edition of the year of assessment. National Automobile Dealers Association, P. O. Box 1407, Covina, California, 91722. This guide may be reviewed in the Department or purchased from the publisher."

Plaintiffs contended that the methods used by the Department to assess RVs were discriminatory, arbitrary, and capricious. The contention was based on the fact that different methods of valuation and different appraisal guides were used for assessing automobiles and RVs. The average loan value of an automobile was used as compared to using the wholesale value of an RV. The Mountain States Edition of the N.A.D.A. Official Used Car Guide was used for automobiles while a nationwide publication called the N.A.D.A. Recreation Vehicle Appraisal Guide was used for assessing RVs. This resulted in a considerably higher taxable valuation for RVs.

At the time the petition was filed, automobiles and RVs were in

the same statutory classification for purposes of taxation. Section 84-301, R.C.M.1947, provided:

"Class Two. All household goods and furniture, including clocks, musical instruments, sewing machines, wearing apparel of members of the family, and all personal property actually used by the owner for personal and domestic purposes, or for the furnishing or equipment of the family residence; all agricultural and other tools, implements and machinery, gas and other engines and boilers, threshing machines and outfits used therewith, *automobiles, motor trucks and other power-driven cars, vehicles of all kinds,* boats and all watercraft, harness, saddlery and robes."

Plaintiffs presented testimony in support of their petition at a public hearing held on February 19, 1976. On April 12, 1976, the Department issued an opinion and order denying the petition. Plaintiffs appealed the Department's order to the District Court, Gallatin County, pursuant to section 82-4216, R.C.M.1947. The matter was heard on February 18, 1977. The District Court, finding in plaintiffs' favor, ordered the Department to amend M.A.C. § 42-2.22(2)—S22150 and establish a procedure for taxing RVs in the same proportion to their retail value as automobiles are taxed. The District Court's order was entered April 18, 1977.

Meanwhile, the Forty-Fifth Montana Legislature was in the process of enacting House Bill 70 entitled "An Act To Clarify The Property Tax System By Generally Revising And Recodifying Sections Relating To Property Classification And Taxation And By Establishing Market Value As The Basis Of Taxation, Except For Certain Cases, And Adjusting The Taxable Percentage Accordingly". Section 84-301, R.C.M.1947, was repealed in its entirety. Section 84-301, had failed to distinguish between automobiles and RVs. However, section 84-301.10, R.C.M.1947, (a new section), effective July 1, 1977, provides:

"84-301.10. *Class nine property—description—taxable percentage.* (1) Class nine property includes:

"(a) *automobiles, motor trucks, and other power-driven cars and vehicles of all kinds, except mobile homes, motorcycles, aircraft, camper trailers, and truck campers;* and

"(b) furniture and fixtures used in commercial, office, and hotel activities, except improvements included in class thirteen.

"(2) Class nine property is taxed at 13.3% of its market value." (Emphasis added.)

Section 84-301.11, R.C.M.1947, effective July 1, 1977, specifically provides for RVs:

"84-301.11. *Class ten property—description—taxable percentage.* (1) Class ten property includes:

"(a) aerial, surface, and portable ski lifts and ski tows, including the towers, cables, ropes, sheave assemblies, conveying devices, power units, and all accessories;

"(b) manufacturing and mining machinery, fixtures, and supplies, except those included in class eighteen; and

"(c) *camper trailers and truck campers valued in the 'N.A.D.A. Recreational Vehicle Appraisal Guide'.*

"(2) Class ten property is taxed at 12% of market value." (Emphasis added.)

Accordingly, on August 15, 1978, the Department of Revenue proposed to amend M.A.C. § 42-2.22(2)—S22150 to read as follows:

"42-2.22(2)—S22150 *ASSESSMENT OF [TRAILERS/CAMPERS] BOAT TRAILERS, CAMPING AND TRAVEL TRAILERS, TRUCK CAMPERS AND MOTOR HOMES* (1) . . .

"(2) The [minimum assessed] *average market* value of camping and travel trailers shall be the [low book value] *used retail price* of such property as shown in the 'N.A.D.A. Recreation Vehicle Appraisal Guide,' January Edition of the year of assessment. National Automobile Dealers Association, P. O. Box 1407, Covina, California[,] 91722. This guide may be reviewed in the Department or purchased from the publisher.

"(3) The [minimum assessed] *average market* value of truck campers [and motor homes] shall be the [wholesale value (W/S)] *used retail price* of such property as shown in the 'N.A.D.A. Recreation Vehicle Guide,' January Edition of the year of assessment.

National Automobile Dealers Association, P. O. Box 1407, Covina, California[,] 91722. This guide may be reviewed in the Department or purchased from the publisher." [Bracketed material to be stricken.]

■ "It is clear from Montana law that members of a class must be given the same tax treatment." *Department of Revenue v. Soo Lines, Inc.* (1977), 172 Mont. 1, 560 P.2d 512, citing *Kiewit Sons' v. State Board of Equalization* (1973), 161 Mont. 140, 505 P.2d 102. However, it is equally clear that the legislative branch has the right to make reasonable classifications of subjects for property taxes. *Hilger v. Moore* (1919), 56 Mont. 146, 182 P. 477.

The reclassification, placing automobiles and RVs in separate and distinct classes, became law approximately two months after the District Court ordered the Department to amend its rule to give equal treatment to automobiles and RVs. Despite this fact, the Department appealed the order to this Court.

■ We find that the enactment of sections 84-301.10 and 84-301.11, R.C.M.1947, effective July 1, 1977, rendered this case moot. The Legislature nullified the District Court's order by repealing section 84-301, R.C.M.1947, which was the very basis of that order. The Legislature, by placing automobiles and RVs in separate and distinct classes, emasculated plaintiffs' contention that different methods of valuation and different appraisal guides were being improperly used by the Department to appraise automobiles and RVs.

The subject of this case has been, from beginning to end, the petition to amend M.A.C. § 42-2.22(2)—S22150. There is no evidence in the record that plaintiffs paid their property taxes under protest or that they commenced an action within sixty days after paying their taxes to recover the same, as is required by section 84-4502, R.C.M.1947. Therefore, we have limited our examination of this case to a review of the Department's rule and do not decide any other issue relating to liabilities of petitioners for taxation under the repealed law.

128

Appeal dismissed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.