Hon. EDGAR N. HARWOOD, } Associate Justices.
Hon. WILLIAM H. DE WITT, }

WALLACE ET AL., RESPONDENTS, *v.* OWSLEY, AP-
PELLANT.

[Argued October 9, 1891. Decided October 12, 1891.]

CHANGE OF VENUE.— Where the complaint is silent as to the place where the con-
tract sued on was to be performed, and the defendant upon appearing demurs
and moves for a change of the place of trial to the county of his residence,
which is resisted on the ground of convenience of witnesses, it is error for the
court to deny the motion without prejudice to its renewal after answer filed, as
the defendant's right to a change of venue must be determined by the con-
ditions existing at the time he first appears in the action, and the convenience
of witnesses as a ground for retaining the action in the county where it was
commenced cannot be considered until after answer. (*Yore* v. *Murphy*, 10
Mont. 304, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Defendant's motion for a change of venue was denied by
HUNT, J.

*Word & Smith*, for Appellant.

BLAKE, C. J. — This action was commenced March 9, 1891, in the District Court of the First Judicial District, in and for the county of Lewis and Clarke; and the complaint alleges that the plaintiffs are, and at the times mentioned were, doing business in Helena, in said county, and that they sold in December, 1889, goods, wares, and merchandise to the defendant. The summons was served personally March 23, 1891, in the county of Silver Bow, upon the defendant, who appeared in the court below and filed a demurrer, and also a motion for a change of the place of trial, together with his affidavit in its support. The following recital in this affidavit is not controverted: "That he [the defendant] is now, and was at the time of the commencement of this action, a resident of Silver Bow County, State of Montana, and has resided for many years in the said Silver Bow County, and that he is not, and has never been, a resident of the county of Lewis and Clarke." The affidavit further states that the contract referred to in the complaint "was to have been executed and performed in the county of Silver Bow." The plaintiffs filed an affidavit which says that the contract "was to be wholly performed within the county of Lewis and Clarke; . . . . that the plaintiffs will have several witnesses on the trial of said case, all of which witnesses reside within the county of Lewis and Clarke, . . . . and their convenience will be much greater served by said cause being tried in the county of Lewis and Clarke."

The court made, June 1, 1891, the following orders, and overruled the motion for a change of venue, "without prejudice to renew motion when answer is filed," and also overruled the demurrer and granted the defendant twenty days in which to plead. Did the court err in this ruling upon the motion? The provisions of the Code of Civil Procedure which are applicable to this question are clothed in this language: "In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found. . . . . Actions upon contract may be tried in the county in which the contract was to be performed, . . . . subject, however, to the power of the court to change the place of trial as provided in this act." (Code

Civ. Proc. § 59.) "The court may, on good cause shown, change the place of trial . . . . when the county designated in the complaint is not the proper county, . . . . when the convenience of witnesses and the ends of justice would be promoted by the change." (Code Civ. Proc. § 62.)

The complaint does not contain any allegation concerning the place where the contract was to be performed, and the affidavits upon the subject are conflicting. The right of the appellant to a change of the venue must be determined "by the condition of things existing at the time the parties claiming it first appeared in the action." (*Buell* v. *Dodge,* 57 Cal. 645; *Remington Sewing Machine Co.* v. *Cole,* 62 Cal. 311; *Ah Fong* v. *Sternes,* 79 Cal. 30.) It should be observed that the appellant filed a demurrer with his motion, and the authorities are harmonious in holding that "neither a plaintiff nor a defendant can move for a change of the place of trial, because of the convenience of witnesses, until after answer." (*Thomas* v. *Placerville etc. Min. Co.* 65 Cal. 600; *Cook* v. *Pendergast,* 61 Cal. 72; *Williams* v. *Keller,* 6 Nev. 141.) The conditions of the case of *Heald* v. *Hendy,* 65 Cal. 321, are similar to those which confront us, and the court ordered that "further hearing of defendant's motion be postponed until defendant files his answer to plaintiff's complaint, and that plaintiff's cross-motion be heard at the time when the further hearing of defendant's motion is heard." The cross-motion was to retain the cause in the original county "for the convenience of witnesses." The court said: "This order, in its legal effect, was an order denying defendant's motion for a change of the place of trial. It effectually deprived him of his right to have his demurrer heard in San Francisco." (See, also, *Ah Fong* v. *Sternes, supra; Yore* v. *Murphy,* 10 Mont. 304.)

It is therefore ordered and adjudged that the order appealed from be reversed, and that the cause be remanded to the District Court, with directions to grant the motion of the appellant for a change of the place of trial to the said county of Silver Bow.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.