MAIO, Respondent, *v.* GREENE, et al., Appellants.

(No. 8310.)

(Submitted May 3, 1943. Decided May 22, 1943.)

[137 Pac. (2d) 670.]

Cause submitted on Briefs of Counsel.

*Mr. Howard Toole* and *Mr. W. T. Boone,* for Appellants.

*Mr. H. R. Boden,* for Respondent.

484

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Plaintiff sued defendants in Missoula county for damages alleged to have resulted from an automobile accident in Lake county, two miles from Polson, the county seat. The defendants applied for a change of venue to the latter county. There is no contention that their application was in any way insufficient, but although no answer had been filed plaintiff opposed it for the reasons "that convenience of witnesses of plaintiff, his counsel, and himself, and the ends of justice would be promoted" by conducting the trial in Missoula county; that the distance from Missoula to Polson is approximately eighty-five miles, "and witnesses, counsel and plaintiff would be required to travel that distance and consume unnecessarily the time in making the trip;" that it "would entail financial burden unable to be carried by plaintiff and [he] would be required to abandon his suit," and the change of venue would impose upon plaintiff "an unduly heavy burden if he is at all able to meet the obligations" resulting therefrom.

No affidavit was filed by plaintiff in support of his objections to the change of venue, but at the hearing his attorney was sworn and testified that plaintiff expected to call as witnesses six persons besides himself—a doctor, a nurse, two automobile mechanics and two others, all of whom were residents of Missoula county. No direct testimony was offered as to plaintiff's financial means or as to the burden upon him of the change

of venue. In cross-examination the witness admitted that there was at least one other occupant of the car at the time of the accident, who resided at Ronan in Lake county; that after the accident plaintiff had consulted a doctor at Ronan; that before the accident the parties had stopped at Polson, but that he did not know whether witnesses there would be called on defendants' behalf as to what the parties did at Polson immediately before the accident; that the car was taken to Polson immediately after the accident, and that persons who took charge of it and examined it might be called by defendants but not by plaintiff; that three of the persons named by him as plaintiff's witnesses were auto mechanics or would testify concerning the damage to plaintiff's car; that it was only about a two hours' drive over a good highway from Missoula to Polson; that there was a regular bus line between the two cities, and that both the witness and plaintiff owned and drove cars; that plaintiff had been steadily employed for a number of years, except while disabled after the accident, and that at the time of the hearing he was earning about $150 per month. In response to the question whether he wanted the court to understand that all of the witnesses to this case resided in Missoula county, the witness stated that he had referred only to plaintiff's witnesses and was not concerned with those of defendants. There being no showing that an undue or impossible financial burden will be imposed upon plaintiff by a change of venue, we need not here consider the pertinence or availability of any objection except that of the convenience of witnesses.

Section 9096, Revised Codes, provides in part: "Actions upon ▮▮▮▮ contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this code."

Section 9098 provides:

"The court or judge must, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change.

"4. When, from any cause, the judge is disqualified from acting; * * *."

It is manifest that under section 9096 Missoula county is not, and Lake county is, the proper county for the trial of this tort action, and that under subdivision 1 of section 9098 the defendants are entitled to an order transferring the action to Lake county. This is true even though under the final clause of section 9096 the venue in Lake county will be "subject, however, to the power of the court to change the place of trial as provided in this code", which necessarily refers to the last three subdivisions of section 9098.

It should be noted (1) that the provisions of those last three subdivisions *authorize* the change of venue from one county to another; (2) that they were not stated in the statute as grounds for *denial* of a removal to the proper county under subdivision 1; (3) that the third subdivision relates to "the convenience of witnesses and the ends of justice," and not merely to the convenience of plaintiff's witnesses, and the ends of justice from plaintiff's point of view; and (4) that the convenience of witnesses cannot be invoked even to *authorize* a change of venue from the county where the action is pending, until after the answer has been filed (*Wallace* v. *Owsley,* 11 Mont. 219, 27 Pac. 790; *Dawson* v. *Dawson,* 92 Mont. 46, 10 Pac. (2d) 381; *Archer* v. *Archer,* 106 Mont. 116, 75 Pac. (2d) 783), since the court cannot until then determine the issues or consider the materiality of the witnesses in question.

With respect to the defendants' rights to have the cause removed to the proper county under subdivision 1 of section 9098, it is immaterial that the court of the proper county might there-

after, in its reasonable discretion, order the cause transferred back to Missoula county under subdivision 2, 3 or 4 of that section; for the parties are entitled to have each application for a change of venue considered upon its own merits, with reference to the condition of the cause as then existing, and by the proper court. It was therefore held in *Wallace* v. *Owsley*, supra, that it was error for the court of the county where the action was filed to deny a change of venue to the proper county, upon plaintiff's objection prior to answer, that the convenience of witnesses would be promoted by trial in the first county.

Thus upon this record, whether or not it would have been an abuse of discretion for the judge, if sitting in the court of Lake county, to grant a change of venue to Missoula county because of the convenience of witnesses, it was obviously an error for the Missoula county court to deny defendants' application for a change of venue to Lake county, which is the proper place for the trial of this tort action.

The order appealed from is therefore reversed.

ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR, concur.

Rehearing denied June 5, 1943.