## Petition of CARROLL E. WASSON.
### No. 10753.
#### Decided February 24, 1964.
#### 389 P.2d 406.

PER CURIAM.

Petitioner alleges unethical conduct of an attorney. His first charge is that his "tentatively engaged" counsel advised that a personal injury suit must be filed in the county where the cause of action arose. Other attorneys advised petitioner such suit could be filed in any county. It appears that not only was the attorney "tentative counsel," but that, in fact, by petitioner's own representations it would appear that the attorney was his wife's counsel in both matters herein discussed.

Section 93-2904, R.C.M.1947, covering place of trial provides: "* * * and actions for torts in the county where the tort was committed; * * *." This court has consistently under this statute held that tort actions are to be tried in the

324

county where the tort was committed. It is true that a tort action could be filed in any county but the defendant could move to change the venue to the proper county, as would be his right. Certainly counsel who advises a client that a tort action should be filed in the proper county is giving the proper advice and is not guilty of anything unethical.

■ Petitioner's second charge is that his wife commenced a divorce action, that he executed a waiver of appearance; that he later advised counsel to return the waiver to him but counsel refused and advised the waiver would be turned over to another attorney.

It is further alleged that a divorce was granted on October 5, 1962, and the waiver was used in the action; that petitioner did not learn of its use until a month afterwards. If use of the waiver was illegal and wrongful as petitioner asserts, the court in which the divorce was entered was open for relief but apparently no application to re-open the cause was ever made. Six months after this contended unethical practice petitioner seeks disciplinary action here. It is evident from the allegations in the petition that petitioner discussed these matters with an office girl at times and not with counsel personally, likewise that consultations were had with two other attorneys, and in the final analysis while he contends the use of the waiver was unauthorized and that he and his wife informed counsel the divorce action was being withdrawn, it was not so withdrawn but was prosecuted to judgment by the wife.

In these circumstances no cause appears for disciplinary action and the proceeding is ordered dismissed.