DONOVAN ALVIS YEAGER AND DOLLY MEBELINE
YEAGER, HUSBAND AND WIFE, PLAINTIFFS AND RESPONDENTS,
v. TOM FOSTER, DEFENDANT AND APPELLANT.

No. 10939.

Submitted September 14, 1965. Decided October 8, 1965.

406 P.2d 370.

Poore, Poore, McKenzie & Roth, Butte, Anderson, Symmes,
Forbes, Peete & Brown, Billings, Allen R. McKenzie (argued),
Butte, for appellant.

Shone & Sullivan, A. G. Shone (argued), Butte, for re-
spondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a denial of a motion for a change in
the place of trial, in the District Court of Silver Bow County,
before the Honorable James D. Freebourn as presiding judge.

The facts are as follows: On July 7, 1964, at about 6:30 p. m. on U. S. Highway No. 10, near Reed Point, in Sweet Grass County, Montana, plaintiffs-respondents, hereinafter called respondents were passengers for hire in a motor vehicle owned and operated by one Tom Foster, defendant-appellant, hereinafter called appellant.

The vehicle struck a bridge abutment causing multiple injuries to the respondents. This litigation then ensued.

It is admitted that both parties litigant were and are citizens and residents of our sister State of Kansas.

The complaint was filed in Silver Bow County and personal service of summons and complaint was had on the appellant in Shawnee County, Kansas, on November 27, 1964.

On December 15, 1964, appellant appeared by counsel in Silver Bow County and filed his affidavit of merits for a change of place of trial, together with his motion and notice. Appellant alleging in the alternative, that Silver Bow County was not the proper county in that the accident occurred in Sweet Grass County, moved the cause be transferred to Stillwater County for the convenience of witnesses, this contention being predicated on the fact that both respondents were hospitalized in the city of Columbus in Stillwater County, following the accident.

Appellant's motion for change of place of trial is bottomed on sections 93-2904 and 93-2906, R.C.M.1947, and pursuant to Rule 12(b) of M.R.Civ.P.

Section 93-2904 reads as follows:

*"Other actions, according to the residence of the parties.* In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; *or, if none of the defendants reside in the state,* or, if residing in the state, the county in which they so reside be unknown to the plaintiff, *the same may be tried in any county which the plaintiff may desig-*

*nate in his complaint;* and if any defendant or defendants may be about to depart from the state, such action may be tried in any county where either of the parties may reside, or service be had. Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this code." (Emphasis added.)

Section 93-2906 reads:

*"Place of trial may be changed in certain cases.* The court or judge must, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. *When the convenience of witnesses and the ends of justice would be promoted by the change.* * * *" (Emphasis supplied.)

The instant fact situation presents two questions, one of which is determinative of this appeal, that is may a nonresident defendant who is subject to jurisdiction of the Montana courts by reason of the Motor Vehicle Code relating to nonresident car owners have suit brought against him by another nonresident tried in any county within the State?

We observe that the district trial judge made the following order on the question of venue by ruling:

"(1) That the motion for a change of place of trial as set forth in Paragraph 1 of defendant's motion for a change of place of trial is denied.

"(2) That the court retains the right and jurisdiction to decide the question of the change of place of trial for the convenience of witnesses and furtherance of justice after issue has been joined in the said action."

This court has on two occasions touched on the question of

venue where both plaintiff and defendant were nonresidents.

In State ex rel. Mackey v. District Court, 40 Mont. 359, 366, 106 P. 1098, 1101, all parties were nonresidents and the action was on a promissory note, payable in a sister state. Money in the hands of a third party belonging to one of the defendants was attached. Motion made by the defendant to release the levy and dismiss the action being denied, the defendant then made application for a writ of prohibition to this court, challenging the jurisdiction of the district court to try the cause. This court held:

"Our statute (Revised Codes, sec. 6504 [now section 93-2904, R.C.M.1947]) expressly provides that, if none of the defendants reside in this state, an action may be tried in any county which the plaintiff may designate in his complaint. As to what are styled local actions—such, for example as those relating to interests in lands—usually the venue or place of trial is the district or the county where the subject matter lies. But in general, transitory actions may be tried wherever personal service can be made on the defendant. As to the general jurisdiction of the courts of a state, this is coextensive with its sovereignty, which is limited only by the territory of the state and attaches to all the property and persons within the limits thereof."

As further authority, Fraser v. Clark, 128 Mont. 160, at page 179, 273 P.2d 105, at page 116, this court stated, "The third clause supplies a second alternative for the general rule by providing 'or, if none of the defendants reside in the state * * * the same (action) may be tried in any county which the plaintiff may designate in his complaint.' [This alternative is available when *none* of the defendants reside in Montana and the plaintiff designates in his complaint a county for the trial of the action.]"

It is patently clear that the trial judge was correct in his denial of the first paragraph of appellant's motion. Under the present law of this state, where all parties are nonresidents

a tort action can be tried in any county of the state, unless and until section 93-2904 is changed by legislative mandate. Thus the answer to the first posed question must be in the affirmative.

However, since we are returning the matter to the District Court, a second question posed upon the appeal will be briefly discussed. That is, may a nonresident defendant have a suit brought against him by another nonresident tried in the county where known witnesses reside rather than a county remote from both the location of the accident and the residence of all local witnesses?

We observe insofar as the second question is concerned, two unanswered problems. The first being that appellant had *not* filed his answer, prior to filing his motion for a change of place of trial.

Second, that the trial judge in his order retained jurisdiction as to Para. 3, section 93-2906, which refers to "[C]onvenience of witnesses and the ends of justice would be promoted by the change."

It would appear that appellant was uncertain as to the applicability of Rule 12(b) wherein the 1963 Amendment to the rule deleted improper venue as a defense which could be asserted as a motion under the rule, elected to file his motion for a place of change of trial as his first responsive pleading to the complaint of the respondent.

By reason of the fact that the trial judge cannot intelligently rule on the matter of the convenience of witnesses until an answer has been filed; neither can he know or consider the materiality of the witnesses' testimony until filing of the answer, this part of appellant's alternative motion was premature.

This court stated in Maio v. Greene, 114 Mont. 481, 487, 137 P.2d 670, 671, "* * * the convenience of witnesses cannot be invoked even to *authorize* a change of venue from the county

where the action is pending, until after the answer has been filed." Citing cases.

To the same identical rule is McNeill v. McNeill, 122 Mont. 413, 417, 205 P.2d 509.

The trial court having ruled correctly, this cause is remanded to the district court for its decision on the question of the convenience of witnesses; if, after answer, it be reasserted and shown to exist.

The district court order is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, ADAIR and CASTLES concur.