No. 14521

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA, SONNY OMHOLT, AUDITOR
FOR THE STATE OF MONTANA, and the PUBLIC
EMPLOYEES' RETIREMENT BOARD OF THE STATE
OF MONTANA,

               Plaintiffs and Respondents,

    vs.

SECURITY STATE BANK,

            Defendant and Appellant.

---

Appeal from:  District Court of the First Judicial District,
               Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

  For Appellant:

      Smith and Harper, Helena, Montana
      Loren J. O'Toole, Plentywood, Montana

  For Respondents:

      Hon. Mike Greely, Attorney General, Helena, Montana

---

               Submitted on briefs: November 28, 1979

                      Decided: DEC

Filed: DEC

_____ Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appeal is by the defendant Security State Bank from an order of the District Court denying defendant's motion for change of venue.

The State of Montana, through its State Auditor, Sonny Omholt, brought a civil action in the District Court of the First Judicial District of the State of Montana in and for the County of Lewis and Clark, against Security State Bank of Plentywood, Montana. The State seeks to recover $5,482.26 on behalf of the Public Employees' Retirement Board for retirement benefits paid out to "John E. Rucker" over a six year period. The benefits were paid in a series of 72 state warrants issued after Rucker's death. The appellant Bank presented the warrants for payment, and they were paid. The State's action is based on its claim that the warrants were wrongfully presented by the Bank.

The Bank filed its motion for change of venue in a timely manner upon two grounds (1) that the defendant Bank resided in the County of Sheridan at the commencement of this action and continues to reside in said county and, (2) that the interests of justice and the convenience of witnesses would be best served by a change of venue to the County of Sheridan.

The order of the District Court denied the change of venue upon the first ground, and denied the motion on the second ground because it was prematurely brought, but without prejudice to a further motion based on the second ground.

The Bank appeals the order of the District Court, and the issue before us is whether the venue of this action properly

should have been transferred to the Fifteenth Judicial District Court for the County of Sheridan, based on the residency of the Bank.

It is not disputed that the residence of the defendant Bank, though a corporation, is in Plentywood, located in Sheridan County. The general rule that a cause against a defendant should be tried in the county in which he resides is embodied in section 25-2-108, MCA [formerly section 93-2904, R.C.M. 1947] which provides:

"In all other cases, the action shall be tried in the county in which the defendants or any of them may reside at the commencement of the action . . ."

There is a special statute, however, which applies to suits by the State Auditor such as this one, which provides for trial in the District Court of Lewis and Clark County. That section is section 17-4-103(1), MCA [formerly section 79-101(12), R.C.M. 1947], which states:

"(1) In his discretion it is the duty of the state auditor to examine the collection of moneys due the state and institute suits in its name for official delinquencies in relation to the assess ment, collection, and payment of the revenue and against persons who by any means have become possessed of public money or property and failed to pay over or deliver the same and against debtors of the state, of which suits the courts of the county in which the seat of government may be located have jurisdiction, without regard to the residence of the defendants." (Emphasis added.)

While the language of section 17-4-103(1), MCA, does not necessarily grant exclusive jurisdiction of such cases to the Lewis and Clark County District Court, there can be no doubt that under that statutory provision courts in that county are a proper venue for actions commenced by the State Auditor pursuant to section 17-4-103(1), MCA. If we assume that the District Court in the Fifteenth Judicial District in and for Sheridan County would also be a proper tribunal in which the State Auditor could commence an action against this

-3-

defendant, under section 25-2-108, MCA, it is nevertheless the rule that if the county in which the action is brought and the one to which it is sought to have the action transferred are both proper counties, the action must stay where the complaint was filed. Shields v. Shields (1943), 115 Mont. 146, 153, 139 P.2d 528, 529.

This Court in Rapp v. Graham (1965), 145 Mont. 371, 373-4, 401 P.2d 579, 581, said that statutory provisions creating exceptions to the general rule recognizing a defendant's privilege to be sued in his own county will not be given a strained or doubtful contruction. Applying that rule here, the only possible construction of section 17-4-103(1), MCA, is that it empowers the State Auditor to commence such suits in the District Court for Lewis and Clark County. The State here having chosen a venue in which the action is properly laid to commence its suit, the courts are powerless based upon the residence of the parties, to transfer the cause to another venue although the other venue itself may also have been proper for the commencement of the action.

The power of the District Court to change the place of trial, based on residence exists only when the county designated in the complaint is not the proper county. Section 25-2-201, (1), MCA [formerly section 93-2906(1), R.C.M. 1947].

The Bank cites the decisions in State v. Campbell (1906), 3 Cal.App. 602, 86 P. 840; and People v. Pinches (1931), 214 Cal. Rptr. 177, 4 P.2d 771, 772, as supporting the Bank's position that similar statutes empowering the State Auditor to commence suits in courts at the seat of government in California do not grant exclusive jurisdiction to such courts but that the actions may be transferred to the place of defendant's residence. On the other hand, the State points to the Idaho decision in State v. Jones (1921), 34 Idaho 83, 199 P. 645, which comes to an opposite conclusion. However, we do not need to pick and choose between the

-4-

possibly conflicting decisions of those jurisdictions. Our statutes and decisions under them are clear enough. In this case, the State Auditor has commenced his action in a proper county under the statute and such cause cannot now be transferred to another county on the basis of the residency of the defendant.

As to the second ground urged by the Bank for change of venue, that the interests of justice and the convenience of witnesses would be best served by a change of venue to the County of Sheridan, the District Court properly denied the change based on these grounds, but left the matter open for future decision if the Bank should choose to renew its motion at a proper time.

Section 25-2-201(3), MCA [formerly section 93-2906(3), R.C.M. 1947] provides that the court must change the place of trial when the convenience of witnesses and the ends of justice would be promoted by the change.

In Maio v. Greene (1943), 114 Mont. 481, 488, 137 P.2d 670, 672, we held that the matter of the convenience of witnesses cannot be invoked until after the answer has been filed in the cause, since the trial court cannot consider the materiality of the witnesses in question or determine the issues until then. In McNeill v. McNeill (1949), 122 Mont. 413, 417, 205 P.2d 510, 512, we held that until the defendant has answered, any action of the District Court in determining a motion for change of venue upon these grounds is premature. That policy has been preserved in our rules of Civil Procedure. Rule 12(b)(iii), Mont.R.Civ.P. provides that any request for a change in the place of trial based on the convenience of witnesses and the ends of justice must be presented by motion within twenty days after the answer to the complaint, or to the cross-claim where a cross-claim is filed or a reply to an answer where a reply is authorized. The

-5-

District Court by its order, kept the door open for the Bank to renew its motion for change of venue if at the proper time it appears that the ends of justice and the convenience of witnesses would be promoted.

Since we find no error in the order of the District Court denying the motion for change of venue, the appeal is dismissed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices