No. 86-114

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN THE MATTER OF LAKE COUNTY'S
OBLIGATION FOR OPERATING COSTS OF
THE FOURTH JUDICIAL DISTRICT,
MISSOULA, COUNTY,

        Plaintiff and Respondent,

    -vs-

MICHAEL HUTCHIN, HAROLD FITZNER,
and DON PETERSON, in their official
capacities as Lake County Commissioners,
and LAKE COUNTY, a political subdivision
of the State of Montana,

        Defendants and Appellants.

APPEAL FROM:  District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Frederick, County Attorney, Polson, Montana

    For Respondent:

        Robert L. Deschamps, III, County Attorney, Missoula,
        Montana

Submitted on Briefs: May 30, 1986

Decided: August 25, 1986

Filed: AUG 25 1986

_____
            Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The Lake County Commissioners and Lake County appeal an order from the Missoula County District Court denying their motion for a change of venue. We reverse and remand with an instruction to the District Court to change the place of trial to the First Judicial District, Lewis and Clark County.

On August 9, 1985, the Missoula County District Court issued an order commanding the Lake County Commissioners within thirty days to pay Missoula County for court expenses Lake County had incurred in Missoula County or to appear and show cause why the payment had not been made.

Lake County responded on September 12, 1985, by petitioning this Court for a writ of supervisory control or other appropriate order halting any further action in Missoula County District Court until Missoula County "files a proper pleading in a correct court and commences lawful process." This Court denied the writ as inappropriate at the time.

Missoula County's motion to intervene as plaintiff was granted by the District Court on September 20, 1985, after Lake County failed to appear at the hearing scheduled on the motion. The complaint attached to that motion alleges two claims for relief. The first claim requests a writ of mandamus ordering the Lake County Commissioners to reimburse Missoula County for certain court expenses. The second claim requests damages against Lake County and the Commissioners for breach of an implied contract.

Lake County and the Commissioners then moved for a change of venue which the District Court denied on December 11, 1985. They appeal from the denial of their motion for a change of venue.

Lake County first argues that § 25-2-126(2), MCA, excludes Missoula County as a proper place for trial. That section states:

> The proper place of trial for an action against a county is that county unless such action is brought by a county, in which case any county not a party thereto is also a proper place of trial.

This language excludes a county which is a plaintiff in the action from being a proper place for trial. Here, Missoula County intervened as a plaintiff in the action and, therefore, is not a proper place for trial.

Missoula County argues that under § 25-2-125, MCA, it is a proper place of trial for the claims against the Lake County Commissioners and therefore Lake County cannot change venue. Section 25-2-125, MCA, states that "[t]he proper place of trial for an action against a public officer . . . is the county where the cause or some part thereof arose." In McGrath v. Dore (1978), 177 Mont. 178, 180, 580 P.2d 1385, 1386, this Court held that a mandamus action based on an official's failure to pay wages allegedly due arises in the county "where the public official, whose act the petitioner seeks to compel, resides." Citing Guthrie v. Mont. Dept. of H. and E. Sciences (1977), 172 Mont. 142, 148, 561 P.2d 913, 916, this Court further noted the public official's residence "is at that place where he officially refuses to act or neglects to act." McGrath, 580 P.2d at 1386. Although the

3

statute has been amended, along with the other statutes on venue, since interpreted in McGrath, the revisions have not changed its meaning. Here, the Lake County Commissioners reside in, and refused or neglected to act in, Lake County. Section 25-2-125, MCA, supports Lake County, rather than Missoula County, as the proper place for trial.

Ford v. Mont. Dept. of Fish, Wildlife (Mont. 1984), 676 P.2d 207, 209, 41 St.Rep. 220, 222, stated that the general rule enunciated in McGrath and other cases was not absolute and "should not be used to circumvent the goal of providing a forum which is practical and convenient for the plaintiff." This Court's intent in Ford was to allow the private citizen a forum which was not so expensive and remote as to render access impractical. Missoula County is not a private citizen and Lake County is neither so remote nor expensive as to be an impractical forum. Contrary to Missoula County's contention, Ford does not require that venue remain with that county.

Missoula County's reliance on § 25-2-121, MCA, as establishing that county as a proper place of trial is misplaced. That statute covers the venue rule for actions on a contract and states that the proper place of trial is either the defendant's residence or the county where the contract was to be performed. Where no place of performance is specified, the proper place of trial is the county in which the principal activity was to take place, considering the parties' obligations and what is necessarily implied from the contract terms. Subsection 2 establishes venue for specific types of contracts. In this case the action is

4

based on an implied contract, for which the terms and the obligations of the parties are not established. There are no facts from which to determine the principal place of performance of the alleged contract. Section 25-2-121, MCA, offers no assistance in determining the proper place of trial.

Section 25-2-201, MCA, requires the court, on motion, to change the place of trial;

(1) when the county designated in the complaint is not the proper county;

(2) when there is reason to believe that an impartial trial cannot be had therein;

(3) when the convenience of witnesses and the ends of justice would be promoted by the change.

As explained above, there are no grounds for allowing Missoula County, designated in the complaint, to be the place of trial. The question now is where the trial should be held.

Although Lake County and its Commissioners argue that Lake County is a proper place of trial, there are grounds for a reasonable person to believe that an impartial trial cannot be had there any more than in Missoula County. The Missoula County District Court initiated the action against its neighbor, Lake County. The mandamus and contract actions brought by Missoula County allege that district court expenses were paid by Missoula County for transcripts and judicial decisions in cases filed in Lake County. At the times these expenses are claimed to have occurred, Lake County and Missoula County were part of the same judicial

5

district. Considering the nature of this controversy and the parties involved, neither county is a proper place of trial.

Therefore, to permit both parties an impartial trial, the District Court's order is reversed and that court is directed to enter an order changing the place of trial to the First Judicial District, Lewis and Clark County.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6

Mr. Justice Frank B. Morrison, Jr., dissenting:

I dissent.

This dissent first addresses the question of whether the Lake County Commissioners can properly be sued in Missoula County. If they can then § 25-2-117, MCA, (1985) provides for the joinder of Lake County in such an action.

This is a mandamus action against the county commissioners. Such an action cannot be brought against the county. Therefore, the applicable statute is § 25-2-125, MCA, (1985), which provides:

> The proper place of trial for an action against a public officer. . . is the county where the cause or some part thereof arose.

Parts of this cause of action arose in both counties. The failure to pay arose in Lake County. On the other hand the services rendered by Missoula County, for which compensation is sought, were all rendered in Missoula County. The District Court could properly have found venue in either county. The statute specifically provides that any county is the proper place of trial where a part of the cause of action arose. Under such language the trial judge, Honorable James B. Wheelis, was entitled to place the venue in either county and chose Missoula County.

We have here a "King Solomon" decision. The statutes are ignored. The majority apparently feels that justice demands that neither Missoula County nor Lake County entertain this action and that the citizens of Lewis and Clark County are better equipped to dispense justice impartially.

Venue is provided for by the statutes. The statutes clearly provide that venue for an action involving public officials is in any county where part of the cause of action

7

arose.    Judge  Wheelis,  in  conformity  with  applicable statutes,  set  venue  in  Missoula  County.    No  abuse  of discretion  has  been  shown.    The  trial  court's  ruling  should be  affirmed.

Justice