No. 86-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

-----

JENNIFER BROWN, a Minor Child,
et al.,

        Plaintiff and Respondent,

    -vs-

DARRYLE HARTWELL,

        Defendant and Appellant.

-----

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry A. Wallace, Missoula, Montana

    For Respondent:

        William Boggs, Missoula, Montana

-----

Submitted on Briefs:  Feb. 13, 1987

Decided:  March 17, 1987

Filed: MAR 17 1987

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


Darryle Hartwell appeals from an order of the District Court, Fourth Judicial District, Missoula County, denying his motion for a change of venue from the District Court in Missoula County to the District Court in Lake County. The complaint alleges that on August 1, 1981, Jennifer Brown was injured while she was swimming in Flathead Lake, located in Lake County, Montana. Darryle was operating a boat, towing an inner tube, and the tow rope is alleged to have hit Jennifer in the face, causing her injuries. Jennifer resided in Lake County, and Darryle was a resident of Missoula County at the time of the incident.

Jennifer filed suit for her alleged injuries in Missoula County and served Darryle as defendant in Missoula County, his place of residence. In January, 1983, Darryle moved for a change of venue to Lake County. On August 4, 1986, the District Court denied the motion for change of venue, and this appeal ensued.

On appeal, counsel for Jennifer contends that under Montana law the place of residence of the defendant is clearly the proper venue for such a suit, and that Darryle's appeal from the denial of the motion for change of venue is frivolous, entitling Jennifer to attorneys fees, costs and sanctions by way of a money award under Rule 32, Montana Rules of Appellate Civil Procedure. Darryle on the other hand contends that the law in force at the time the motion was made for change of venue clearly requires the tort action be tried in the county where the tort occurred.

The opposite contentions of the parties arise quite naturally from the confusion of statutes relating to venue

before, during and following the time this action has been pending in the District Court.

Formerly, § 93-2904, R.C.M. (1947) provided in pertinent part:

> In all other cases the actions shall be tried in the county in which the defendants or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; . . . Actions upon contracts may be tried in the county in which the contracts were to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this code.

In those cases decided under the foregoing statute, it was usually held that the proper venue for a cause of action for a tort was the county in which the tort was committed. Putro v. Manniax Electric, Inc. (1966), 147 Mont. 314, 412 P.2d 410; Petition of Wasson (1964), 143 Mont. 323, 389 P.2d 406; Maio v. Greene (1943), 114 Mont. 481, 137 P.2d 670; Stewart v. First National Bank and Trust Company (1933), 93 Mont. 390, 18 P.2d 801; Dryer v. Director-General of Railroads (1923), 66 Mont. 298, 213 P. 210; Yore v. Murphy (1891), 10 Mont. 304, 25 P. 1039; however in _dictum_, the Federal District Court had indicated that either the county of residence of the defendant or the county where the tort was committed was the proper county in which to bring a tort action. Tassie v. Continental Oil Company (U.S.D.C. Mont. 1964), 228 F.Supp. 807.

It will be noted that former § 93-2904 also refers to contract actions, and with respect to that kind of action, this Court has held that either the place where the contract was to be performed, or the place of residence of the defendant was a proper venue for a contract action. This Court stated that the general rule in contract cases was that

the action was to be tried in the county of the defendant's residence where the plaintiff's pleadings did not clearly establish that the contract forming the basis for the action was to be performed in the county where the action was brought. McNussen v. Graybeal (1962), 141 Mont. 571, 380 P.2d 575; Fraser v. Clark (1954), 128 Mont. 160, 273 P.2d 105.

The Revised Codes of Montana (1947), with their amendments, were recodified in 1978 as Montana Codes Annotated. The venue statute which formerly existed as § 93-2904, R.C.M. (1947) was divided into several sections. With respect to tort actions, the recodified provision was as follows:

> 25-2-102. Tort Actions. Actions for tort may be tried in the county where the tort was committed, subject, however, to the power of the court to change the place of trial as provided in this code.

No reference is found in the Montana Codes Annotated for 1978 and subsequent years until 1983 allowing venue of an action in the county where the defendant resides, except in § 25-2-108. That statute provided:

> 25-2-108. Other Actions. In all other cases, the action shall be tried in the county in which the defendants or any of them may reside at the commencement of the action or where the plaintiff resides and the defendants or any of them may be found; . . ..

Thus, at the time that Darryle in this case moved for a change of venue, the tort statute on venue required the action to be brought in the county where the tort was committed. Section 25-2-102, supra.

In 1985, all of the venue statutes were amended, with the objective of bringing the venue statutes into line with the court's decisions and to clearly delineate the proper venue for all kinds of actions. Ch. 432, Laws of Montana

- 4 -

(1985). The policy of the venue statutes as amended is that the proper place of trial is where the defendant resides in civil cases.

Section 25-2-118, MCA, provides:

Unless otherwise specified in this part:

(1) Except as provided in subsection (3) [not applicable here], the proper place of trial for all civil actions is the county in which the defendants or any of them may reside at the commencement of the action . . .

With respect to actions in tort, the venue statutes now provide:

25-2-122. Torts. The proper place of trial for a tort action is:

(1) The county in which the defendants, or any of them, reside at the commencement of the action; or

(2) The county where the tort was committed. . .

In this case therefore at the time that Darryle moved for change of venue to Lake County, there was ample statutory authority for him to insist that he was entitled to such change of venue based on § 25-2-102, MCA (1978). However at the time that the District Court decided the motion for change of venue, the venue statutes had been amended, and the evident policy of the legislature may now be found to require that in all civil actions the proper place of trial is in the county of the defendant's residence but that in tort actions, such proper county may be the county of defendant's residence or the place where the tort was committed. Section 25-2-122, MCA (1985).

We determine in this cause that because the legislative policy with respect to venue is now plainly expressed, we affirm the decision of the District Court that Missoula County is the proper place of trial since it is one of two

counties which are proper venues for a tort action under the latest legislative enactment. Neither party shall recover costs on this appeal.

_John C. Shelby_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_Justices_