DA 09-0028

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 46

FILED

March 10 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BNSF RAILWAY COMPANY,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA, ex rel.,
DEPARTMENT OF ENVIRONMENTAL QUALITY;
and RICHARD OPPER, Director,
Montana Department of Environmental Quality,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 08-860B
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Chad E. Adams; Browning, Kaleczyc, Berry & Hoven, P.C.;
Helena, Montana

        Paul J. Lawrence; K&L Gates LLP; Seattle, Washington

    For Appellees:

        Cynthia D. Brooks; Special Assistant Attorney General; Montana
Department of Environmental Quality; Helena, Montana

        R. Allan Payne, Marc G. Buyske; Doney, Crowley, Bloomquist, Payne,
Uda, P.C.; Helena, Montana

Submitted on Briefs:  February 4, 2010

Decided:  March 10, 2010

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Plaintiff BNSF Railway Company (BNSF) appeals the decision of the Eleventh Judicial District Court, Flathead County, granting the change of venue motion of Defendants State of Montana and Richard Opper (collectively, "State") and transferring the case to the First Judicial District Court in Lewis and Clark County.

¶2 The sole issue on appeal is whether the District Court erred in granting the State's motion to change venue.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 DEQ has endeavored to remediate three adjacent properties, known collectively as the KRY site, which are located in Kalispell, Montana. Historical use of the KRY site for refining oil and treating wood poles caused the release of various hazardous or deleterious substances that contaminate the site today. BNSF owns one of the properties at the KRY site. In 2004 DEQ brought suit in the First Judicial District Court, Lewis and Clark County, against BNSF and various other parties to establish liability for remediation of the KRY site under the Comprehensive Environmental Cleanup and Responsibility Act (CECRA), §§ 75-10-701 to -728, MCA. Following a bench trial, in February 2009 the First Judicial District Court issued its finding of fact, conclusions of law, and order, holding BNSF liable for releasing contaminants at the KRY site and further holding BNSF liable for remediation of the site. BNSF has continued to contest liability, following the decision of the First Judicial District Court.

2

¶4     In June 2008, prior to the ruling of the First Judicial District Court on liability for the contamination at the KRY site but after the trial, DEQ issued its Record of Decision (ROD), which contained the agency's chosen remediation plan for the site. In July 2008 BNSF filed a complaint challenging the ROD in the Eleventh Judicial District Court in Flathead County. In its complaint, BNSF alleged, among other things, that the ROD was arbitrary and capricious and that it violated the Montana Administrative Procedure Act (MAPA), §§ 2-4-101 to -711, MCA.

¶5     DEQ did not immediately file an answer, but instead filed a number of preliminary motions, including a motion to change venue to the First Judicial District Court in Lewis and Clark County. In support of its motion to change venue, DEQ argued that Flathead County was not the proper county under § 25-1-126(1), MCA, and § 2-4-702(2)(a), MCA, and that the District Court should therefore transfer the case to Lewis and Clark County under § 25-2-201(1), MCA. DEQ further asserted that the District Court should transfer the case pursuant to § 25-2-201(3), MCA, for the convenience of the witnesses and to promote the ends of justice. BNSF opposed the motion, responding that venue was proper in Flathead County because DEQ's remediation plan would be put into operation there and that consideration of the convenience of witnesses and ends of justice was improper before DEQ filed an answer. DEQ subsequently filed an answer. Then, in a brief order, the District Court granted DEQ's motion to change venue and transferred the case to the First Judicial District Court.

¶6      BNSF appealed the District Court's order. This Court remanded the matter to the Eleventh Judicial District Court with instructions for that court to articulate its rationale for granting DEQ's motion to change venue. The District Court then issued an order explaining its earlier ruling.

## STANDARD OF REVIEW

¶7      A district court's decision to transfer venue because the complaint was not filed in the proper county (i.e., under § 25-2-201(1), MCA) is a conclusion of law, which we review de novo. *Tractor & Equip. Co. v. Zerbe Bros.*, 2001 MT 162, ¶ 4, 306 Mont. 111, 32 P.3d 721. On the other hand, a district court exercises discretion when it transfers venue from one proper county to another proper county for the convenience of the witnesses and the ends of justice (i.e., under § 25-2-201(3), MCA); we will not disturb such decision absent an abuse of discretion. *In re Marriage of Lockman*, 266 Mont. 194, 201, 879 P.2d 710, 715 (1994); *see also* Steven Alan Childress & Martha S. Davis, *Federal Standards of Review* vol. 1, § 4.13, 4-86 (3d ed., Lexis 1999).

## DISCUSSION

¶8      ***Whether the District Court erred in granting the State's motion to change venue.***

¶9      The District Court presented three grounds for transferring venue to Lewis and Clark County: (1) that Flathead County was not the proper county under § 25-2-126(1), MCA; (2) that Flathead County was not the proper county under § 2-4-702(2), MCA; and (3) that changing venue to Lewis and Clark County would serve the convenience of the

4

witnesses and the ends of justice. BNSF challenges all three grounds. We find the third ground presented by the District Court dispositive.

¶10 Section 25-2-201(1), MCA, requires a district court to transfer venue "when the county designated in the complaint is not the proper county." This provision was the apparent authority for the District Court's first two grounds for transferring the case. A decision made pursuant to this provision is subject to interlocutory appeal, or an appeal prior to final ruling on the case. M. R. App. P. 6(3)(f) ("In civil cases, an aggrieved party may appeal from the following, provided that the order is the court's final decision on the referenced matter: . . . [f]rom an order granting or denying a motion to change venue on the basis that the county designated in the complaint is not the proper county . . . .").

¶11 Section 25-2-201(3), MCA, requires a district court to transfer venue "when the convenience of witnesses and the ends of justice would be promoted by the change." This provision was the apparent authority for the District Court's third basis for transferring the case. Unlike a decision made pursuant to § 25-2-201(1), MCA, a discretionary decision made pursuant to § 25-2-201(3), MCA, is not subject to interlocutory appeal. *State v. Pegasus Gold Corp.*, 270 Mont. 32, 38-39, 889 P.2d 1197, 1201 (1995).

¶12 Here, the District Court's determination that transferring venue to Lewis and Clark County would promote the convenience of the witnesses and the ends of justice was an independent and sufficient basis for its ruling. There is no question that Lewis and Clark County is a proper venue for this case. Section 25-2-126(1), MCA. So even assuming

arguendo that Flathead County is also a proper venue for this case, the District Court still had authority under § 25-2-201(3), MCA, to transfer the case as it did. This decision is not subject to interlocutory appeal. *Pegasus*, 270 Mont. at 38-39, 889 P.2d at 1201. Further, while BNSF cites three cases where this Court considered appeals of venue rulings under § 25-2-201(3), MCA, prior to final judgment (*Yellowstone County v. Drew*, 2007 MT 130, 337 Mont. 346, 160 P.2d 557, *In re Lake County's Obligation for Operating Costs of the Fourth Judicial District v. Hutchin*, 223 Mont. 55, 724 P.2d 183 (1986), and *Yeager v. Foster*, 146 Mont. 330, 406 P.2d 370 (1965)), such cases are not controlling here because in those cases the parties did not raise and the Court did not address the issue before us now: the propriety of an interlocutory appeal of a district court's ruling under § 25-2-201(3), MCA. In keeping with our holding in *Pegasus*, we decline to address BNSF's arguments that the District Court erred in transferring venue on "convenience" and "justice" grounds.

¶13 Because the District Court's ruling under § 25-2-201(3), MCA, is not subject to interlocutory challenge, BNSF's appeal is dismissed.


/S/ W. WILLIAM LEAPHART



We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON

6

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

Justice Patricia O. Cotter concurs and dissents.

¶14   I concur with the Court's conclusion that to the extent the District Court's ruling was premised on the convenience of witnesses and the ends of justice, such a determination is not subject to interlocutory challenge. However, because there were three grounds—and not one—for the District Court's decision, I would, in fairness to BNSF, reach those components of the venue decision that are subject to immediate appeal, and reverse.

¶15   The District Court cites "convenience of witnesses and ends of justice" as its third and final rationale to support the change of venue. The court appears to presume a change of venue to Lewis and Clark County is merited because Judge Sherlock has already decided a "companion" case, and there is a possibility of "conflicting results, multiple actions and duplicate trials" should venue not be changed. With due respect, there is no requirement nor guarantee that this case will be assigned to Judge Sherlock, nor is this case at all identically postured to the case he previously decided. I therefore find the rationale underlying the "ends of justice" flawed, in any event.

¶16   I would conclude that Flathead County is a proper venue for BNSF's challenge to DEQ's ROD, and therefore, pursuant to § 25-2-115, MCA, it was error to grant the motion to change venue to Lewis and Clark County. There is no question that the ROD will be implemented in Flathead County, and therefore it will surely be felt there. We

7

have repeatedly held in cases of claims against state agencies that the place where an order of the state is to be placed in operation is a proper county for venue purposes. *See Ford v. Montana Dep't. of Fish, Wildlife and Parks*, 208 Mont. 132, 676 P.2d 207 (1984), in which we reversed an order changing venue to Lewis and Clark County, stating "It is not the mere making of the order, but the place where it is put in operation, that determines where the cause of action arose." *Ford*, 208 Mont. at 137, 676 P.2d at 210. *See also I.S.C. Distribs. v. Trevor*, 259 Mont. 460, 465, 856 P.2d 977, 980 (1993) (Affirming the district court's ruling that the action remain in Gallatin County, we stated "[I]t is not only the decision to award the contract [at government offices in Lewis and Clark County], but the place where the effect of the decision is felt [Gallatin County], which must . . . be considered.")

¶17    Here, BNSF is not challenging DEQ's general authority to create and issue a ROD; it is challenging DEQ's creation of this particular ROD.  It is challenging the remedy DEQ is imposing on BNSF to clean up specific property located in Flathead County.  BNSF asserts that the ROD contains cleanup requirements, standards, and limits that are inconsistent with the Montana Comprehensive Environmental Cleanup and Responsibility Act and that have not been adopted under rulemaking procedures.  These standards and limits will dictate the amount of remediation work that must be conducted exclusively in Flathead County, including excavation and treatment of contaminated soils, and groundwater cleanup, treatment and monitoring.  Under such circumstances, I

8

conclude that the impact of the agency's challenged decision will be felt in Flathead County; therefore, Flathead County is a proper venue for this case.

¶18 Upon concluding that BNSF has filed its suit in a proper county, § 25-2-115, MCA, becomes applicable. This statute unequivocally states that if a plaintiff has brought an action in a proper county, a motion to change venue on the ground that it is an improper county may not be granted. *See Circle S Seeds of Montana v. Montana Merchandising*, 2006 MT 311, ¶ 9, 335 Mont. 16, 157 P.3d 671; *Liang v. Lai*, 2004 MT 188, 322 Mont. 199, 94 P.3d 759; *Wentz v. Montana Power Co.*, 280 Mont. 14, 928 P.2d 237 (1996).

¶19 Based on the foregoing analysis, I would conclude that both Flathead County and Lewis and Clark County were proper venues for this matter. As a result, § 25-2-115, MCA, applies and DEQ's motion to change venue should have been denied. I dissent from the Court's refusal to so decide.


/S/ PATRICIA O. COTTER


Justice Jim Rice joins the Concurrence and Dissent of Justice Patricia O. Cotter.


/S/ JIM RICE


9