DA 14-0119

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 285

IN THE MATTER OF THE GUARDIANSHIP OF:

H.O.,

    A Protected Person.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DG-12-87(C)
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    John H. Osorio (self-represented); Cherry Hill, New Jersey

    For Appellants K.A.K. and D.D.T.:

    John Michael Myers, Myers Law, PLLC; Whitefish, Montana

    For Appellee:

    Richard DeJana, Richard DeJana & Associates, PLLC; Kalispell, Montana

    Fred Simpson, Reep, Bell, Laird & Simpson, P.C.; Missoula, Montana

Submitted on Briefs:  October 1, 2014
Decided:  October 28, 2014

Filed:

Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     K.A.K., D.D.T., and J.O. (Appellants) appeal from the order of the Montana Eleventh Judicial District Court, Flathead County, transferring venue to the Montana Fourth Judicial District, Missoula County.  We affirm.

## ISSUES

¶2     We review the following issues:

*1. Is the order transferring venue appealable?*

*2. Did the District Court err by transferring venue to Missoula County?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On November 21, 2012, L.S.P. filed a petition in Flathead County seeking appointment as the guardian and conservator of H.O., her father.  H.O. is currently 90 years old and suffers from congestive heart failure and impaired cognitive function.  At the time of the petition, H.O. was a resident of Flathead County.  On December 25, 2012, H.O. and his spouse, who has since passed away, moved to an assisted living facility in Missoula County.

¶4     On March 19, 2013, the District Court appointed L.S.P. temporary guardian and conservator.  Her brother, J.O., was subsequently appointed temporary co-guardian and conservator on October 24, 2013.  L.S.P., J.O., and H.O.'s two other children, K.A.K. and D.D.T., dispute who should be appointed the permanent guardian and conservator of H.O., and no permanent guardian or conservator has been appointed yet.

¶5     On January 31, 2014, L.S.P. moved the District Court to transfer venue to Missoula County.  J.O. opposed the motion, while H.O., who was represented by counsel, did not.

2

After J.O. and L.S.P. filed briefs on the matter, the District Court granted L.S.P.'s motion. On February 18, 2014, it ordered transfer of venue to the Montana Fourth Judicial District, Missoula County. K.A.K., D.D.T., and J.O. appeal from this order.

## STANDARD OF REVIEW

¶6 Appellants argue that the issue of whether the District Court erred by transferring venue to Missoula County presents a question of law. They contend that de novo review is appropriate. On the other hand, L.S.P. argues that the permissive nature of § 72-1-203(3), MCA, the controlling statute, indicates that transfer of venue was a matter of discretion. As such, L.S.P. contends that review for abuse of discretion is appropriate.

¶7 Section 72-1-203(3), MCA, states: "If a court finds that, as a matter of law or in the interest of justice, a proceeding or a file should be located in another court of this state, the court making the finding *may* transfer the proceeding or file to the other court" (emphasis added). When interpreting a statute, we give words and phrases their ordinary meaning. Given its ordinary meaning, we have held that the use of the word "may" generally denotes a permissive or discretionary choice. *See, e.g.*, *Gaustad v. City of Columbus*, 265 Mont. 379, 381, 877 P.2d 470, 471 (1994). Yet, this is not always the case. When the word "may" is used to confer power upon the court, and the public has an interest in the exercise of the power, then the exercise of the power becomes imperative. *State v. Swann*, 2007 MT 126, ¶ 18, 337 Mont. 326, 160 P.3d 511. As it is used in § 72-1-203(3), MCA, the word "may" confers power upon the district court to transfer venue, but the public does not have an interest in the exercise of that power. Instead, venue is a personal privilege of the defendant.

3

It is merely a statutory device designed to facilitate and balance the objectives of optimum convenience for the parties and witnesses and efficient allocation of judicial resources. *In re Support Obligation of McGurran*, 2002 MT 144, ¶¶ 13-14, 310 Mont. 268, 49 P.3d 626. Thus, the use of "may" in § 72-1-203(3), MCA, makes transfer of venue in guardianship proceedings a matter of discretion for the District Court. We review discretionary decisions for an abuse of discretion. *E.g.*, *BNSF Ry. Co. v. State ex rel. Dep't of Envtl. Quality*, 2010 MT 46, ¶ 7, 355 Mont. 296, 228 P.3d 1115.

**DISCUSSION**

¶8      *1. Is the order transferring venue appealable?*

¶9      Despite L.S.P's argument to the contrary, the order transferring venue was a final order and is appealable to this Court. A party may appeal from a final judgment or order. M. R. App. P. 6(1). "[A]n order granting or denying a motion to change venue on the basis that the county designated in the complaint is not the proper county" is final and appealable. M. R. App. P. 6(3)(f). L.S.P. contends that the order in this case did not dispose of the motion on this basis, and she argues the order is not appealable for this reason.

¶10      The District Court, in this case, granted L.S.P.'s motion to transfer venue on the basis that the "Fourth Judicial District is . . . the statutorily required venue," or in other words, on the basis that Missoula County was the proper venue and Flathead County was not. Thus, the District Court made "an order granting . . . a motion to change venue on the basis that the county designated in the complaint [wa]s not the proper county." This order was final and is appealable. M. R. App. P. 6(3)(f).

4

¶11   *2. Did the District Court err by transferring venue to Missoula County?*

¶12   Appellants argue that the District Court erred by transferring venue to Missoula County. They claim that venue was proper in Flathead County and that transfer was not timely. We hold, however, that it was within the District Court's discretion to transfer venue and that the District Court did not abuse its discretion by doing so.

¶13   Appellants argue that Flathead County was the only proper venue since the District Court had established personal jurisdiction over the parties. Personal jurisdiction and venue are distinct concepts; one does not control the other. It is possible for jurisdiction to exist though venue is improper, and it is possible for a suit to be brought in an appropriate venue though it must be dismissed for lack of jurisdiction. *McGurran*, ¶¶ 12-14; *see* § 25-2-112, MCA. Simply because Flathead County had personal jurisdiction over the parties does not mean that it was the exclusive venue, or even necessarily a proper venue.

¶14   Instead, §§ 72-1-203 and 72-5-311, MCA, provide the rules for determining the proper venue for a guardianship proceeding. Section 72-5-311, MCA, states, in relevant part, that "[t]he venue for guardianship proceedings for an incapacitated person is in the place where the incapacitated person resides or is present." Where there are multiple counties in which venue could lie, "the court in which the proceeding is first commenced has the exclusive right to proceed." Section 72-1-203(1), MCA. However, a court with the exclusive right to proceed does not necessarily need to remain the venue throughout the proceedings. For, "[i]f a court finds that, as a matter of law or in the interest of justice, a

proceeding or a file should be located in another court of this state, the court making the finding may transfer the proceeding or file to the other court." Section 72-1-203(3), MCA.

¶15 Here, H.O. initially resided in Flathead County. It was a proper venue, and its district court had the exclusive right to proceed once this case was filed there. Sections 72-1-203(1) and 72-5-311, MCA. Once H.O. became a resident of Missoula, Missoula County also became a proper venue. Section 72-5-311, MCA. For this reason, and following a finding by the District Court that the proceeding "should be located" in Missoula, the District Court had the discretion to transfer venue to Missoula County. Section 72-1-203(3), MCA.

¶16 Appellants argue that the District Court abused its discretion by transferring venue over a year after the proceeding was commenced. Appellants do not provide any persuasive reasoning or cite any authority to support this argument, and there is no indication that by transferring venue when it did, "the trial court acted arbitrarily without the employment of conscientious judgment or exceeded the bounds of reason, resulting in substantial injustice." *State v. Price*, 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45. Moreover, a district court is given discretion to transfer venue *whenever* it finds that the proceeding should be located in a different court, "as a matter of law or in the interest of justice." Section 72-1-203(3), MCA. The statutes impose no time constraints. For these reasons, the District Court did not abuse its discretion by transferring venue to Missoula County.

## CONCLUSION

¶17 For the foregoing reasons, we hold that the order transferring venue was a final order and is reviewable by this Court. We also hold that the District Court did not abuse its

6

discretion by ordering that venue be transferred to the Fourth Judicial District, Missoula

County.  Affirmed.

/S/ MICHAEL E WHEAT

We Concur:


/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE